The decision below is signed as a decision of the court.

Signed: January 03, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HARRY EDWARD GOUGH, | ) | Case No. 07-00554 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

<u>INTERIM MEMORANDUM DECISION REGARDING TRUSTEE'S MOTION TO DISMISS</u>

The court entered orders which required the debtor to file the documents required by 11 U.S.C. § 521(a)(1) by November 22, 2007. The documents were not filed by that date, and the trustee has moved to dismiss the case *with prejudice* based on that failure to comply with orders of the court, and based on the debtor's failure to comply with certain statutory obligations. Among the statutory provisions the trustee has invoked is 11 U.S.C. § 521(i)(1).

I

With exceptions discussed later, § 521(i)(1) provides in relevant part that upon the failure of a debtor to file the papers required by 11 U.S.C. § 521(a)(1) within the 45-day period after the date of the filing of a petition commencing a chapter

13 case, certain consequences follow.  Specifically, § 521(i)(1) provides that upon such a failure occurring (and unless the 45-day period has been enlarged) "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

However, that command does not direct that when § 521(i)(1) is triggered, the case stands automatically dismissed as of the 46th day, and the command is expressly made subject to, and its meaning clarified by, a procedure under § 521(i)(2) which requires that not later than 5 days after a party in interest requests the entry of an order dismissing a case described in § 521(i)(1), the court shall enter "an order dismissing the case" (not an order, analogous to one under 11 U.S.C. § 362(j), *confirming* that the case was already dismissed).  In other words, if the 45-day period has not been enlarged, the statute makes a failure by the 45th day to file the required documents a point of no return after which dismissal cannot be avoided.  Effective as of the 46th day, the court is deprived of discretion to deny a request to dismiss the case.  Instead, dismissal is automatically required ("the case shall be automatically dismissed"), with an order of dismissal to be entered under § 521(i)(2) within 5 days of a request being made for dismissal based on § 521(i)(1) having been triggered.  If the statute contemplated that the case is to stand automatically dismissed effective upon § 521(i)(1) being

2

triggered on the 46th day, no order of dismissal would be necessary.  Accordingly, a case does not stand dismissed unless and until the order of dismissal contemplated by § 521(i)(2) is entered.

## II

Prior to the expiration of the 45-day period, the trustee or the debtor could have filed a motion under 11 U.S.C. § 521(i)(3) or § 521(i)(4) to enlarge the 45-day period, but no one filed such a motion.  Pursuant to 11 U.S.C. § 521(i)(2), the court is required pursuant to the trustee's having moved for dismissal based on § 521(i)(1), to enter an order of dismissal within 5 days of her filing her motion if she is still pursuing that motion.

## III

However, the trustee appears, at least temporarily, to be treating her motion as on hold.  She has filed a Praecipe Resetting § 341 Meeting of Creditors in which she has reset the meeting of creditors because the debtor has now filed a plan, schedules and various required statements.  The court infers that the trustee does not at this juncture seek a dismissal, and wishes to await the outcome of the debtor's proposed plan and his compliance with his obligations in this case.

Section 521(i)(1) is not jurisdictional: if a plan is confirmed, that will be binding on all creditors and will be *res

3

*judicata* with respect to the issue of whether the case was required to be automatically dismissed.  Until the trustee advises the court that, despite her Praecipe Resetting § 341 Meeting of Creditors, she wishes the case to be dismissed, the court will not act on her motion.  If she advises that she wishes her motion to be granted, the court will have no choice other than to dismiss the case pursuant to the command of § 521(i)(1).  She should also advise, in light of the debtor having now filed required documents, whether she still wishes the dismissal to be one with prejudice.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.