The Memorandum Decision and Order below is hereby signed.  Dated: August 20, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HARRY EDWARD GOUGH, | ) | Case No. 07-00554 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER CONTINUING HEARING
ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY,
REQUIRING MAILING OF MOTION TO DEBTOR AND TRUSTEE,  AND
SETTING NEW DEADLINE FOR RESPONSES TO MOTION AND A
<u>DEADLINE FOR PARTIES TO RESPOND TO COURT'S TENTATIVE RULING</u>

The debtor's wife has filed a motion for relief of the automatic stay seeking an order that would provide that the stay is lifted to permit the parties to:

> complete their divorce case, No 2007-DRB 002638, being conducted in the Superior Court of the District of Columbia.

The order would also permit the Superior Court to decree a division of the parties' properties.  So far, so good, as the Superior Court is better suited than this court to decree a division of marital property (and is just as well suited to make a determination of what property was not marital property).

I

The order, however, would further provide that:

> The divorce court may make its ruling regarding the division of the property of the divorcing parties but such a ruling may not be executed and no transfers of the property shall be allowed until this court has review[ed] and ruled upon the matter in the context of the pending bankruptcy case.

I propose to remove the language "but such a ruling may not be executed and no transfers of the property shall be allowed until this court has review and ruled upon the matter in the context of the pending bankruptcy case," and to replace it with "but such a ruling may not be executed as to the division of property and no transfers of the property shall be allowed pending any appeal of the Superior Court ruling by the chapter 7 trustee."  The chapter 7 trustee has an obvious stake in how the marital property is divided.  He could intervene in the divorce proceeding in order to protect the interests of the estate, and the staying of any disposition of the property pending any appeal by the chapter 7 trustee would protect the chapter 7 trustee with respect to any erroneous ruling by the Superior Court regarding division of the marital property.  I question the propriety of this Court's retaining jurisdiction to review and rule upon the matter of the division of the marital property.  Under the Rooker-Feldman doctrine, a federal trial court cannot operate as an appellate court of review regarding state court adjudications.  I would thus not include any provision in the order granting relief from

the automatic stay that would suggest that this court would review the Superior Court's ruling.

## II

The wife's motion was not served on the chapter 7 trustee as the case was converted to chapter 7 after the wife's motion was filed. Even if service on the chapter 7 trustee were not required (on the theory that service on the debtor-in-possession was service on the representative of the estate, and the chapter 7 trustee was obligated to review the case upon being appointed), I am concerned that the initial chapter 7 trustee was not appointed until August 1, 2008, very shortly before a response to the motion was due. Moreover, that initial trustee resigned on August 20, 2008 and Wendell W. Webster was not appointed as replacement trustee until August 20, 2008. I will thus give the chapter 7 trustee an opportunity to respond to the motion.

I also note that the debtor was not mailed a copy of the motion. The debtor's wife should mail a copy of the motion to the debtor as mailing a copy to only the debtor's attorney was not adequate service on the debtor.

## III

In light of the foregoing, it is

ORDERED that by August 22, 2008, the debtor's wife, through counsel, shall file a certificate of mailing copies of the motion to the debtor and the current chapter 7 trustee. It is further

ORDERED that by September 2, 2008, the chapter 7 trustee, Wendell W. Webster, and the debtor may file a response to the debtor's wife's motion and a response to the court's proposal to grant relief with the modification discussed above. It is further.

ORDERED that by September 2, 2008, the debtor's wife may file a response to the court's proposal to grant relief with the modification discussed above. It is further

ORDERED that if no one files a response, the court may grant the motion with the proposed modification without a hearing. It is further

ORDERED that the hearing on the motion, unless the motion is disposed of beforehand, is continued to September 4, 2008, at 2:00 p.m.

[Signed and dated above.]

Copies to: Paul Pearlstein, Esq.; Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.